CAROLINE E. HENDERSON, wife of DR. WHITMAN WILCOX, *v.* WILLIAM J. FORT.

Where the husband makes a sale of property, partly belonging to himself and partly to his wife, in which his wife joins him and declares that she gives and grants to the vendee " all and singular any rights, titles, or privileges which she may have in her own separate right or otherwise, in and to the property mentioned in the act, and binds herself to maintain the validity of the act, it is a valid alienation of the wife's separate property and binding on her.

Such a sale is binding on the wife, although by the express terms of the contract the price is made payable to the husband. The price of her property is still subject to her separate administration whenever she pleases to demand the same, even against the will of her husband.

APPEAL from the District Court of West Feliciana, *Haralson, J.*

*T. J. & W. H. Cooley* and *S. J. Powell,* for plaintiff and apppellant. *Collins & Leake* and *H. M. Spofford,* for defendant.

LAND, J. The plaintiff's action is for the recovery of some seventy slaves and a few personal effects which she claims as her paraphernal estate by inheritance from the late *Stephen Henderson.* : .

The slaves in controversy, with others, were sold with the plantation by the plaintiff's husband, *Whitman Wilcox,* to the defendant by notarial act passed on the 7th of January, 1859, to which the plaintiff made herself a party.

Three questions are presented on the merits of the case for our decision, to-wit : first, whether the notarial act was a sale by the plaintiff, *Caroline E. Henderson,* to the defendant, of the property demanded in this suit ; secondly, whether the plaintiff signed the act of sale in error of fact and of law ; and thirdly, whether the alienation of the plaintiff's paraphernal property, under the circumstances, was a prohibited contract.

First. The act of sale declares : " And now to these presents personally came and appeared *Mrs. Caroline E. Henderson,* wife of the said *Whitman Wilcox,* herein duly aided, assisted and authorized by her said husband, who declared to me, Recorder, that she did and does hereby freely and voluntarily join her said husband in the execution of the foregoing act in all its particulars, and hereby gives and grants to the said *William J. Fort,* all and singular, any rights, titles, or privileges, which she may have in her own separate right, or otherwise, in and to said property ; and that she hereby binds herself and her heirs at all times to sustain and acknowledge the validity of the foregoing act in all particulars ; and the said *Mrs. Caroline E. Wilcox* further declared, that it was her wish and intention to renounce and release in favor of the said *William J. Fort,* all her matrimonial, dotal, paraphernal and other rights, and mortgages, and privileges, which she may have on the property herein conveyed, whether as wife of the said *Whitman Wilcox* or otherwise."

The declarations of the wife which follow the stipulations in the act of sale conveying the property to the defendant, and the clauses of the act descriptive of the property sold, consist, first, of a *grant* of all her rights, titles and privileges in and to said property, and secondly, of a *renunciation* and release of all her other rights, privileges, and mortgages on the same.

The legal import of the word " *grant,*" used in the first part of the declaration, is " to transfer the title of a thing to another for a good and valuable considera-

tion," and implies the sale of the property described in the act to the defendant. It is, therefore, our opinion, that the act under which the defendant claims the property, is on its face, evidence of a sale by the plaintiff to him.

Secondly. Did the plaintiff sign the act of sale in error? The defendant's title is evidenced by an authentic instrument, which makes full proof of its contents between the parties, and is conclusive upon them unless some legal and sufficient cause exists, for setting aside and annulling the same. The cause alleged by the plaintiff, for the purpose of defeating the effect of the act, is error, that is to say, ignorance on her part, of the fact, that the property claimed in this suit, was described in the instrument and conveyed to the defendant. This was a question of fact which the plaintiff was bound to prove, and on which there is the verdict of a jury, confirmed by the judgment of the lower court against her. And after a careful examination of the testimony, to which credit was given by the jury, and which, in our opinion, is inconsistent with the alleged fact of error, we are not satisfied that the jury failed to arrive at a correct conclusion upon the facts of the case. And if it be conceded that the whole of the act of sale, was not read to the plaintiff, yet the testimony is not only repugnant to the alleged fact of her ignorance, but is pregnant evidence of positive knowledge on her part that the property now demanded, was conveyed by the act of sale to the defendant.

Thirdly. Whether the alienation of the plaintiff's paraphernal property, under the circumstances, was a contract prohibited by law? The consideration of the sale was the price and sum of seventy-six thousand dollars, to be paid to the plaintiff's husband, part in cash, and the balance on a credit of one, two and three years.

It is contended that the sale is not binding on the plaintiff, so far as her separate property is conveyed by it, because the sale does not enure to her separate benefit, the price being payable, by the express terms of the contract, to her husband.

It is true that the wife cannot bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage; nor validly sell or mortgage her property for the payment or security of his debts; nor make a valid transfer or sale of property to her husband, except for the purpose mentioned in Article 2421 of the Civil Code; and that whenever she enters into any of these prohibited contracts, the obligation intended to be created on her part, will be declared null and void, whatever *form* her contract may be made to assume. But a married woman is not prohibited from selling her paraphernal property to a third person for a lawful consideration, with the consent and authorization of her husband, and such a sale is as valid and binding on her, as if she were a *femme sole;* nor is she prohibited from stipulating in a contract of sale of her paraphernal property, that the price should be paid over to her husband; nor is the latter prohibited by law from receiving the price, in such a case, from the vendee of his wife. The stipulation in the contract of sale to the defendant, for the payment of the price to the plaintiff's husband, cannot, therefore, be said to be in contravention of a prohibitory law, and to render null and void the contract of sale.

Although the price is made payable to the husband, it is still the separate property of the wife, and subject to her separate administration, whenever she pleases to demand and resume the same, even against the will of her husband.

It is not pretended that the husband is insolvent or indebted, and that the object of the sale was to place the price in his hands for the purpose of paying

his debts, and thereby evading the prohibition contained in Article 2412 of the Civil Code. Nor can the sale be considered on account of the stipulation for the payment of the price to the husband in contravention of Article 2421 of the Civil Code, which forbids the transfer of property from the wife to the husband.

The plaintiff is not entitled, on legal grounds, to the relief which she seeks in this case; and if her property has been alienated for less than its value, it is a loss which cannot be repaired by the judgment of this court, on the pleadings and the evidence in the record.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed with costs.